1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Rose Stommes, | No. CV-17-00071-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Margaret Stommes applied for Supplemental Security Income ("SSI") benefits in March 2013 alleging disability beginning March 18, 2013 due to epilepsy, a neurocognitive disorder, degenerative disc disease of the cervical and lumbar spine, depression, and anxiety. After state agency denials, Stommes appeared for a hearing and testified before an Administrative Law Judge ("ALJ"). A vocational expert also testified. The ALJ then ordered a consultative mental evaluation and, in August 2015, a supplemental hearing was held during which Stommes, a medical expert, and a vocational expert testified. Following this supplemental hearing, the ALJ issued a decision that Stommes was not disabled within the meaning of the Social Security Act ("SSA"), which became the final decision of Defendant the Commissioner of the Social Security Administration ("Commissioner") when the agency's Appeals Council denied review. Stommes now appeals the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the following reasons, the Court affirms.

**I. Overview of the Administrative Process**

To determine whether a claimant is disabled, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. If not, the claimant is disabled.

**II. The ALJ's Decision**

At step one, the ALJ determined that Stommes meets the insured status requirements of the SSA through December 31, 2012, and has not engaged in substantial gainful activity since her alleged disability onset date. (A.R. 16.) The ALJ found at step two that Stommes' seizure disorder, neurological disorder not otherwise specified, degenerative disc disease, and depression are severe impairments, but concluded at step three that they do not meet or medically equal the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 16-20.) At step four, the ALJ determined that Stommes has the RFC:

> to perform light work . . . except she is limited to work that is simple and repetitive and does not involve customer service. She needs to avoid exposure to hazards, including height. She must avoid concentrated exposure to fumes, odors, dust, and gases.

(*Id.* at 20.) The ALJ found that Stommes cannot perform her past relevant work as a housekeeper, mail handler, and preparation cook, but that she can perform other jobs that exist in the national economy based on her age, education, work experience, and RFC. (*Id.* at 25-26.) Accordingly, the ALJ found Stommes not disabled within the meaning of the SSA.

## III. Standard of Review

On appeal, the district court does not review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Instead, the court reviews only those issues raised by the party challenging the ALJ's decision and reverses only if the decision is not supported by substantial evidence or is based on harmful legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Orn*, 495 F.3d at 630. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn*, 495 F.3d at 630 (internal quotations and citation omitted). Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

## IV. Discussion

Stommes raises four issues on appeal. First, she argues that the ALJ erred by not incorporating into the RFC the findings of Drs. Joanna Krabbenhoft and Kent Layton regarding Stommes' memory limitations, despite assigning these physicians' opinions great weight. Second, Stommes contends that the ALJ erred at step three by not

comparing the medical record with the requirements of Listing 1.04A. Third, she contends that the ALJ improperly discounted her symptom testimony. Finally, Stommes argues that the ALJ improperly rejected all third-party evidence. (Doc. 12 at 1-2.) The Court addresses each in turn.

**A. RFC Finding**

Stommes claims that the ALJ's RFC determination is erroneous because it does not account for (1) the memory limitations assessed by Drs. Krabbenhoft and Layton, (2) any limitations related to Stommes' non-severe impairments, and (3) Stommes' moderate limitations in concentration, persistence, and pace. (Doc. 12 at 15.) The Commissioner argues that the RFC adequately accounts for these limitations by limiting Stommes "to work that is simple and repetitive and does not involve customer service." (A.R. 20.) The Court agrees with the Commissioner.

With respect to memory, Dr. Krabbenhoft opined that Stommes has no limitations in understanding, remembering, and carrying out simple instructions, or in her ability to make judgments on simple work-related decisions. (*Id.* at 909.) Dr. Krabbenhoft assessed moderate to marked limitations in these activities only when they involved complex instructions. (*Id.*) Moreover, Dr. Krabbenhoft assessed no limitations in Stommes' ability to interact appropriately with supervision, co-workers, and the public, or to respond to changes in the routine work setting. (*Id.* at 910.) Likewise, Dr. Layton testified that, although Stommes might require some repetition in instructions, she would be able to perform simple, repetitive, and unskilled work. (*Id.* at 40-42.) The ALJ appropriately accounted for these limitations by assessing an RFC that limited Stommes to simple and repetitive work.

As for the limiting effects of Stommes' non-severe impairments, the Court initially notes that Stommes' opening brief does not identify any specific limitations associated with her non-severe impairments that she believes were not adequately accounted for in the RFC. (Doc. 12 at 15.) In her reply brief, Stommes argues that her non-severe impairments "impaired [her] memory necessitating repeated instructions," caused

"reasoning deficits," and stress associated with her anxiety. (Doc. 14 at 4.) But the ALJ's adequately accounted for these limitations by limiting Stommes' to simple, repetitive, unskilled work that does not involve customer service.

Finally, Stommes contention that a limitation to simple, repetitive, and unskilled work is inconsistent with moderate limitations in concentration, persistence, and pace is unavailing. The Ninth Circuit has explained that a limitation to simple and repetitive work can accommodate moderate limitations in concentration, persistence, and pace when the limitation is based on medical opinions about specific limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008). Here, Dr. Layton testified that Stommes "might have to read . . . written instructions twice," and that she might need to see a task re-demonstrated a couple of times. (A.R. 42-44.) Yet the vocational expert testified that the need for routine reinstruction perhaps would become problematic if Stommes' required reinstruction "three or four times every day." (*Id.* at 55.) Stommes also notes that the vocational expert testified she would be unable to work if she would be off task more than 10% of the day, but neither Dr. Krabbenhoft nor Dr. Layton opined that Stommes' would be off task that frequently. (*Id.* at 88-89; Doc. 12 at 15.)

In arguing otherwise, Stommes urges the Court to follow *Brink v. Commissioner of Social Security Administration*, 343 Fed. App'x 211 (9th Cir. 2009), an unpublished decision in which the Ninth Circuit attempted to distinguish *Stubbs-Danielson* and determined that a limitation to simple, repetitive work did not account for moderate limitations in concentration, persistence, and pace. As a published decision, however, *Stubbs-Danielson* carries more weight. Moreover, *Brink* seems to be an outlier even among unpublished decisions. *See Israel v Astrue*, 494 Fed. App'x 794 (9th Cir. 2012); *Sabin v. Astrue*, 337 Fed. App'x 617 (9th Cir. 2009); *see also Calisti v. Colvin*, No. 1:14-cv-02000-SKO, 2015 WL 7428724, at *9 (E.D. Cal. Nov. 23, 2015) ("Distinguishing *Stubbs-Danielson* on the ground that there was no evidence of functional limitation in concentration, persistence, and pace is not persuasive, and, as an unpublished

memorandum decision, *Brink* is not controlling authority."). The Court finds no error.[1]

**B. Listing 1.04A**

Next, Stommes contends that the ALJ erred at step three by not comparing the medical record with the requirements of Listing 1.04A and, instead, relying solely on the opinions of state agency reviewers to find that her impairments did not meet the listing.

Listing 1.04A applies to disorders of the spine that result "in compromise of a nerve root . . . or the spinal cord," with "evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss[.]" Importantly, "[a]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in any equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). This approach appropriately places the burden on the claimant to prove that she has an impairment or combination of impairments that meets or medically equals a listed impairment, rather that shifting the burden to the ALJ to prove otherwise.

Here, Stommes makes no attempt to prove that she meets Listing 1.04A and, therefore, has not carried her burden. Indeed, in the representative brief submitted to the ALJ, Stommes conceded that her "impairments do not meet and/or equal in severity" any of the Listings. (A.R. 339.) She cannot now complain that the ALJ did not include an explicit Listing 1.04A equivalency determination when she advanced no such theory below and fails to do so now. Stommes appears, instead, to base her assignment of error on the belief that the ALJ's step three finding rested solely on the opinions of state

---

[1] In two sentences in her opening brief, Stommes notes almost in passing that the ALJ did not ask the vocational expert whether her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Doc. 12 at 14.) Stommes did not develop this argument further, which likely is why the Commissioner appears not to have responded to it. Yet the argument consumes a substantial part of Stommes' reply memorandum. Assuming that the argument was adequately developed in the opening brief, which is arguable, the Court finds no harmful error. The ALJ noted that the vocational expert did not testify to this matter, but went on to explain that he referred to the DOT and found no conflicts between the occupational evidence provided by the vocational expert and the information contained within the DOT.

agency reviewers. But this argument reflects a misreading of the ALJ's decision. The ALJ explicitly found that Stommes' "physical impairments do not manifest the signs, symptoms, and findings required to meet or medically equal any of the listings," and then noted that his conclusion was consistent with that of the state agency medical consultants. (*Id.* at 19.) The Court finds no error.

### C. Stommes' Symptom Testimony

In evaluating a claimant's testimony regarding subjective pain or other symptoms, the ALJ must engage in a two-step analysis. First, the ALJ determines whether the claimant presented objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms alleged. Second, if the claimant makes this showing and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The Court need not uphold all of the ALJ's reasons for discrediting a claimant, so long as substantial evidence supports the ALJ's decision. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Stommes reported that she cannot work because she is afraid she might have another seizure, that she cannot perform daily activities like she used to, and that her impairments affect her ability to remember, concentrate, complete tasks, and understand and follow simple instructions. (A.R. 21, 272-280.) The ALJ determined that Stommes' medically determinable impairments reasonably could cause the allege symptoms, but found her statements concerning the intensity, persistence, and limiting effects of these symptoms to be not entirely credible. (*Id.* at 21.) The ALJ agreed that Stommes' impairments limited her abilities, but found that her reduced capacity does not render her unable to work.

The ALJ gave clear and convincing reasons, supported by substantial evidence, for this finding. For example, the ALJ noted inconsistencies in Stommes' reporting about the frequency of her seizures. (*Id.* at 21-22, 281, 562-63.) Relatedly, the ALJ found

1 Stommes' subjective reports to be inconsistent with treatment notes that revealed less frequent seizures. (*Id.* at 21-22, 407, 559, 563, 919.) The ALJ also found Stommes' subjective reports to be inconsistent with the overall medical record, which indicated less severe complications. (*Id.* at 22, 407, 421, 562, 575, 927, 1030, 1053-54, 1068-69.) Although Stommes' points to some evidence that is more favorable to her, it is the ALJ's decision that controls when the evidence is susceptible to more than one rational interpretation.

### D. Third-Party Evidence

Lastly, Stommes argues that the ALJ erred in assigning little weight to the lay witness statements of a number of Stommes' family members and friends, who submitted letters advocating in favor of Stommes' disability application. Though the ALJ must comment on law witness testimony, he need only give "arguably germane reasons" for discounting it. *Lewis*, 236 F.3d at 512. The ALJ did so here. Specifically, the ALJ discounted these lay witness accounts because many reported greater limitations than Stommes herself alleged and because they were not consistent with the overall medical record. (A.R. 24.) The ALJ also noted that, given the close relationship between Stommes and these lay witnesses, the third-party statements might have been "colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges." (*Id.*) These reasons are germane to the lay witnesses and are supported by substantial evidence, as cited in the ALJ's decision.

*//*
*//*
*//*
*//*
*//*
*//*
*//*
*//*

**V. Conclusion**

The ALJ's decision is free of harmful legal error and supported by substantial evidence. Therefore,

**IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. The Clerk of the Court shall terminate this case.

Dated this 29th day of March, 2018.

Douglas L. Rayes
United States District Judge